**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JOHN L. PHILLIPS,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §   Case No.<br>§   Jury |
| | § |
| AGRICULTURAL SERVICES, INC.,<br>    *Defendant*. | §<br>§<br>§ |

**COMPLAINT**

Plaintiff John Phillips brings this action against Defendant Agricultural Services, Inc. ("ASI") because it violated federal law.

**Nature of the Case**

1. This is an employment discrimination case. It is based on age. The employment action at issue is failure to hire.

2. Phillips contends that ASI's decision/conduct referenced in paragraph 1 *supra* constitutes unlawful discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("Prohibition of age discrimination")("ADEA").

**Parties**

3. Plaintiff John L. Phillips is an individual. He resides in Gladewater, Texas.

4. Agricultural Services, Inc. ("ASI") is a Texas corporation. It is headquartered in Texarkana, Texas, and it is currently in good standing.

   A. Per the Texas Secretary of State on March 20, 2019, ASI may be served with process by serving its **registered agent**, **Mr. Richard F. Norton,** at the following location – **7600 Alumax Drive, Texarkana, Texas 75503,** or wherever else he may be found.

   A. ASI has had twenty or more individuals on its payroll for each working day in each calendar week during Year 2019.

   B. ASI had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2018.

   C. ASI had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2017.

## Jurisdiction

5. This Court has original, subject matter jurisdiction over this action because Phillips's claim under the ADEA presents a federal question. *See* 28 U.S.C. §1331; *see also* 28 U.S.C. §1343(a)(4) ("civil rights").

6. The Court has personal jurisdiction, both specific and general, over ASI because ASI conducts business in Texas, Phillips's claim for relief arose in Texas, and ASI is amenable to service by this Court.

## Venue

7. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Phillips's claims occurred here. *See* 28 U.S.C. §1391(b)(2).

## Material Facts

8. According to Phillips's records, Phillips's date of birth is in Year 1955.

   A. Phillips gives only the year of his birth in compliance with FED. R. CIV. P. 5.2(a)(2) ("Privacy Protection for Filings Made with the Court").

9. On February 1, 2017, Mr. Richard Norton was ASI's owner.

10. On February 1, 2017, Norton telephoned Phillips, and Phillips took the call.

11. During the phone call referenced in paragraph 10 *supra,* Norton told Phillips that

they needed "*to get together and talk about an opportunity*."

12. During the phone call referenced in paragraph 10 *supra,* Norton and Phillips agreed to meet for lunch on February 17, 2017 at a Mexican restaurant in Mount Pleasant off I-30.

13. During the phone call referenced in paragraph 10 *supra,* Norton and Phillips agreed to meet for lunch on February 17, 2017 at a Mexican restaurant in Mount Pleasant off I-30 called "Two Senoritas."

14. On February 17, 2017, Norton and Phillips met for lunch at the Mexican restaurant referenced in paragraph 13 *supra.*

15. The lunch referenced in paragraph 14 *supra* lasted for more than two hours.

16. During the lunch referenced in paragraph 14 *supra,* Norton told Phillips, among other things, "It's time to talk turkey."

17. During the lunch referenced in paragraph 14 *supra,* Norton and Phillips discussed an entity called "man leasing," through which ASI runs/finances its equipment.

18. During the lunch referenced in paragraph 14 *supra,* Norton told Phillips, among other things, "***If you tell anyone I said this I will deny it. Are you sure you can do this [job] at your age? How long do you plan on working? You are not as young as you used to be***."

19. Phillips responded to what Norton said, referenced in paragraph 18 *supra,* by telling Norton, "I know I can do the job."

20. On or about January 15, 2018, Norton asked Phillips to complete a document titled "Application for Employment."

21. On or about January 15, 2018, Norton asked Phillips to complete a document titled "Application for Employment." This was for an "operation/sales/management" position.

22. On or about January 15, 2018, Norton asked Phillips to complete a document titled

"Application for Employment," and Phillips did complete this document.

23. On or about January 15, 2018, Norton asked Phillips to complete a document titled "Application for Employment," and Phillips did complete this document, including signing this document on January 15, 2018.

24. ASI did not hire Phillips. Instead, ASI decided to hire Mr. David Hind.

    A. Hind is more than ten years younger than Phillips.

    B. In January 2018, Hind was under forty years of age.

    C. In January 2018, and according to ASI's records, Hind was under forty years of age.

    D. Norton has told Phillips that Hind is a "*young and up-and-coming person in our organization*."

    E. Norton has told Phillips that he "*wanted a place for him [i.e., Hind]*."

25. As a result of ASI's conduct, including the foregoing, Phillips has sustained financial losses.

26. As a result of ASI's conduct, including the foregoing, Phillips is continuing to sustain financial losses.

### Count One – ADEA -- Discrimination (Failure to Hire)

27. Phillips re-alleges and incorporates by reference all allegations set forth in paragraphs 8 through 26.

28. The ADEA makes it "unlawful for an employer -- (1) to fail or refuse to hire … any individual … because of such individual's age[.]" 29 U.S.C. § 623(a)(1).

29. ASI violated the ADEA as follows. *First*, in Year 2018 Phillips belonged to a protected class because he was over forty years of age. *See* 29 U.S.C. § 631(a). *Second*, Phillips

applied for and was qualified for a position that was seeking applicants. *Third,* ASI rejected Phillips. *Fourth*, ASI hired another applicant who was not in the protected class.

30. Phillips has fully complied with the provisions of 29 U.S.C. §626(d) and all prerequisites to the filing of this claim have been fulfilled. *First,* on April 19, 2018 Phillips signed a charge of discrimination number, EEOC Form 5 (hereinafter "Charge"), with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Second,* EEOC received the Charge on April 26, 2018. *Third,* more than 60 days have elapsed from the filing of the Charge to the filing of this lawsuit, and at no time during those 60 days, or at anytime thereafter, did EEOC commence an action to enforce Phillips's rights. *Fourth,* on February 20, 2019, EEOC's District Director signed a document titled *Notice of Right to Sue (Issued on Request)* (hereinafter "Notice"), and as evidenced by the postmark, EEOC mailed the Notice on February 21, 2019. *Fifth,* Phillips has filed this lawsuit fewer than 90 days from his receipt of the Notice.

31. Phillips is entitled to an award of back pay, interest on back pay, reinstatement or in the alternative front pay, the value of lost employment benefits, and other appropriate legal and equitable relief within the scope of 29 U.S.C. § 626(b).

32. ASI's violation of the ADEA was willful. Thus, Phillips is entitled to an award of liquidated damages in addition to equitable relief. 29 U.S.C. §626(b).

33. Phillips is entitled to recover reasonable attorney's fees and costs pursuant to 29 U.S.C. § 626(b).

## Jury Demand

34. Pursuant to Fed. R. Civ. P. 38(a), Phillips demands a jury on all issues so triable.

## Request for Relief

WHEREFORE, Plaintiff John L. Phillips asks that Defendant Agricultural Services, Inc.

("ASI") appear and answer, and that on trial of this action Phillips have final judgment against ASI for the relief set forth in this document.

Dated: March 20, 2019

                                          Respectfully submitted,

                                                        /s/

By: _____
                                          **Wade A. Forsman**
                                          State Bar No. 07264257
                                          P.O. Box 918
                                          Sulphur Springs, TX 75483-0918
                                          903.689.4144 Telephone-East Texas
                                          972.499.4004 Telephone–Dallas/Fort Worth
                                          903.689.7001 Facsimile
                                          **wade@forsmanlaw.com**

                                          **Attorney for Plaintiff John L. Phillips**